<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 98-2038

                         UNITED STATES,

                           Appellee,

                               v.

                     DARYL E. SINGLETERRY,

                     Defendant, Appellant.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF MAINE

            [Hon. Gene Carter, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

                 Bownes, Senior Circuit Judge,

                   and Lynch, Circuit Judge.  

                     _____________________

   John A. Ciraldo, by appointment of the Court, and Perkins, Thompson, Hinckley & Keddy on brief, for appellant.
   Jay P. McCloskey, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief, for appellee.

                      ____________________

                       MARCH 17, 1999
                      ____________________   Per Curiam.  Defendant Daryl E. Singleterry appeals the sentence imposed during re-sentencing following his successful motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C.  2255.  Upon careful review of the briefs and the record, we find no need for oral argument and no reason to disturb defendant's sentence.
                               I.
 Defendant argues that the district court erred in determining that the controlled substance seized was crack cocaine.  A similar argument was rejected in United States v. Robinson, 144 F.3d 104, 109 (1st Cir. 1998).  In that case, this Court found that the district court's determination that the substance was crack was amply supported by: (1) a lab report stating that the substance was a cocaine base; (2) the detective's testimony identifying the hard, rock-like substance as crack; and (3) the defendant's admission that he bought and sold "rock."  See id.  We are faced with nearly identical evidence in this case. Forensic chemist Wayne Buck determined that the substance was a cocaine free base.  Detective Steven Hamel identified the substance seized as crack cocaine because its shape, color, consistency, and packaging were consistent with those characteristics of the samples of crack cocaine he had seen during his years of training.  Finally, Detective Hamel testified that defendant admitted that he was purchasing crack cocaine and selling it at a profit of approximately $1,000 per quarter-ounce.  In light of this testimony, we cannot find that the district court was "clearly erroneous" in determining that the substance was crack cocaine, despite some apparent confusion during the testimony as to the differences between the terms crack cocaine, cocaine base, and freebase cocaine.
                              II.
 Defendant also attacks the district court's determination that the substance represented by the monetary proceeds was 67.2 grams of crack cocaine.  It is clear that the district court had the authority to make this determination -- and increase defendant's offense level accordingly -- under Application Note 12 to U.S.S.G.  2D1.1.  See United States v. Gerante, 891 F.2d 364, 369-70 (1st Cir. 1989) (upholding the district court's authority to estimate the quantity of cocaine that the defendant had exchanged for the amount of money seized and hold him accountable for possessing that quantity of cocaine, so long as the amount of cocaine is determined to be part of the same course of conduct as that of the charged offense).  Such determinations are reviewed for clear error.  See id. at 368.
 Defendant claims that there was not sufficient evidence to determine that the currency more likely than not represented proceeds from the sale of 67.2 grams of crack cocaine.  However, we review such a finding for clear error, see United States v. Seplveda, 102 F.3d 1313, 1318 (1st Cir. 1996), and we have upheld a district court's transformation of seized currency into drug quantities on less evidence than is presented here.  In Seplveda, the district court treated $295 in currency found on a defendant carrying both crack and powder cocaine as proceeds solely from crack cocaine sales.  See id. at 1317-19.  The district court found that the money more likely than not represented the proceeds of crack cocaine sales based on evidence that: (1) the defendant was engaged in crack cocaine sales and held the money for that operation, and (2) the amount of powder cocaine possessed was too small to indicate the intent to distribute powder cocaine.  The court then converted the $295 into crack cocaine to be attributed to the defendant as the relevant quantity for a determination of his base offense level.  See id. at 1318.  Recognizing that the district court needed only to make its determinations based on the preponderance of the evidence, this Court found that the district court did not commit clear error in transforming the proceeds into an equivalent amount of crack cocaine.  See id. at 1319.
 By contrast, there was testimony in the present case that: (1) defendant had $9,661 in his possession or under his control; (2) defendant admitted that he had been dealing crack cocaine for a considerable period of time; (3) defendant admitted that he made $1,000 in profit for each quarter-ounce of crack that he sold; and (4) defendant had no other job.  This goes well beyond the mere discovery of currency on a suspected crack dealer, as was the situation in Seplveda.  The district court here interpreted this evidence to mean that, in admitting his sales and profit, defendant was specifically referring to both the drugs seized andhis prior course of dealing during the period of time that he accumulated the $9,661.  We do not find this interpretation to be clearly erroneous.
 In response to defendant's claim that the court erred in determining that the substance that generated the proceeds was crack cocaine, rather than some other form of cocaine, we note again that Detective Hamel testified that the substance actually found was crack cocaine and that defendant admitted to dealing in crack cocaine.  Defendant does not even have the "benefit" of having been found with both crack and powder cocaine, as occurred in Seplveda, so as to create an ambiguity as to which substance generated the proceeds.  As such, defendant has not demonstrated that the district court committed clear error in finding the substance to be crack cocaine.  Consequently, we do not disturb the district court's determination of the nature or amount of the substance involved, and therefore do not disturb the district court's calculation of defendant's offense level or sentence.
                              III.
 Finally, defendant claims violations of Brady v. Maryland, 373 U.S. 83, 87 (1963), and Fed. R. Crim. P. Rule 16 in the prosecutor's failure to disclose, until after re-sentencing, Detective Ronald Avery's bail hearing testimony in which he stated that the substance defendant admitted to trafficking in was cocaine.  Defendant argues that this testimony is exculpatory because it conflicts with Detective Hamel's testimony that defendant admitted to trafficking in crack cocaine.
 We agree with the government that this issue should not be entertained for the first time on appeal.  See United States v. Torres, 162 F.3d 6, 11 (1st Cir. 1998) (citing United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992), for its "bedrock rule" that an argument not presented to the district court may not be unveiled in the court of appeals).  The government raises questions regarding: (1) whether defendant had access to the supposedly undisclosed information; (2) whether the information was material to a fact in issue; (3) whether the result would have been any different if the information had been disclosed to the defense; and (4) whether the information was even exculpatory, in light of Detective Avery's practice at the bail hearing of using the general term "cocaine" to describe the crack cocaine involved.  Because this is not the proper forum for addressing those questions for the first time, we decline to address the Brady claim.
 For the reasons stated in this opinion, the judgment of the district court is AFFIRMED.

</body>

</html>